UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23261-Civ-WILLIAMS/TORRES

CITI INTERNATIONAL FINANCIAL
SERVICES, LLC,

      Plaintiff,

v.

VECTORGLOBAL WMG, INC.,

      Defendant.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION TO CONFIRM ARBITRATION AWARD**

This matter is before the Court on Citi International Financial Services, LLC's ("Plaintiff") Motion to Confirm Arbitration Award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, issued by a three-person panel appointed by the Financial Regulatory Authority, Inc. ("FINRA") in favor of Plaintiff and against VectorGlobal WMG, Inc. ("Defendant"), and six of its employees. [D.E. 60]. For the reasons stated below, it is recommended that Plaintiff's Motion to Confirm Arbitration Award [D.E. 60] be **GRANTED**.

**I.   BACKGROUND**

**A.   *Procedural History***

Plaintiff commenced this action in September 2014, seeking a temporary restraining order and preliminary injunction as a result of a dispute arising out of Defendant's alleged hiring of former foreign associates of Plaintiff, as well as

Defendant's taking and misuse of Plaintiff's confidential client information. [D.E. 1]. Together with the filing of its Complaint, Plaintiff also commenced arbitration before FINRA against Defendant, captioned *Citi International Financial Services, LLC v. VectorGlobal WMG, Inc.,* FINRA No. 14-02736 (the "Arbitration"), asserting causes of action for misappropriation of trade secrets, interference with business relations, conversion, unfair competition and raiding. Plaintiff sought a permanent injunction and monetary damages. [D.E. 60 at Ex. 1 (Weintraub Dec.)].

On September 10, 2014, this Court issued an Order Granting Plaintiff's Motion for a Temporary Restraining Order. [D.E. 32]. Subsequently, the Court granted Plaintiff's request for a preliminary injunction by Stipulated Order dated October 16, 2014, and stayed this action pending the conclusion of the Arbitration. [D.E. 59].

On November 4, 2014, Plaintiff initiated arbitration against Plaintiff's former foreign associates as a result of their alleged improper taking of Plaintiff's confidential client information. *Id*. Eventually, the two arbitrations were consolidated for damages purposes. *Id*.

### B.     *The Arbitration Panel and Award*

A three-person arbitration panel was appointed to oversee the Arbitration. It is undisputed that the panel consisted of highly experienced and extremely qualified individuals who conducted the Arbitration in a professional manner. The Arbitration began in December 2014, and concluded in May 2017. Over the course of

arbitration, there were 17 days of hearings, 15 testifying witnesses, 4 expert witnesses, 220 exhibits, pleadings, pre-hearing briefs, and post-hearing materials. *Id.*

On July 17, 2017, the Arbitration Panel issued an award, which decided as follows: 1) the panel held Defendant and Plaintiff's former foreign associates jointly and severally liable to Plaintiff for $1,505,325.00 in compensatory damages; 2) the panel rejected Defendant's counterclaims; 3) the panel denied Plaintiff's former foreign associates' counterclaims; and 4) the panel denied the requests for expungement of Plaintiff's former foreign associates. *Id.* at Ex. A (Arbitration Award).

### C. *Proceedings Before the Court*

Following the Award, Plaintiff filed the pending Motion to Confirm the Award on September 27, 2017. [D.E. 60]. Defendant responded by filing a Motion to Vacate the Award on October 21, 2017, claiming that the Award should be vacated based upon 9 U.S.C. § 10(a)(4). Defendant argues that in issuing their arbitration decision the Panel failed to provide any rationale for their findings, thereby rendering the award incomplete. [D.E 63]. Plaintiff replied to Defendant's Motion to Vacate on November 2, 2017 and Defendant responded to Plaintiff's Reply and filed a Supplemental Motion to Vacate on November 10, 2017. [D.E. 66, 67].

## II.  ANALYSIS

Defendant argues that the Award must be vacated because the Arbitration Panel failed to issue an explanation for granting the Award, thus imperfectly executing its powers such that a mutual, final, and definite award upon the subject matter was not made. [D.E. 63]. However, we agree with the Plaintiff that there is no mandate under the FAA or the FINRA Rules that a Panel must issue an explanation to accompany an Award. Moreover, Defendant admits that its legal research did not identify any legal support for the conclusion that an arbitration award must be vacated without proper explanation. [*Id*.]. We too find no legal support for this proposition. Conversely, there is overwhelming support for the opposite conclusion; arbitrators do not have to provide their rationale when issuing an award so as long as their award is clear and definite.

### A.     *General Principles under the Federal Arbitration Act*

Section 10 of the Federal Arbitration Act ("FAA") specifies the following grounds for vacating an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators "exceeded their powers, or so imperfectly executed them that

a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(1-4). An arbitration award may be vacated only for those reasons enumerated in the FAA. *Carey Rodriguez Breenburg & Paul, LLP v. Arminak,* 583 F. Supp. 2d 1288, 1290 (S.D. Fla. 2008) ("[T]hese statutory bases constitute the exclusive grounds for vacating an award pursuant to the FAA."). Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation. *Wilko v. Swan*, 346 U.S. 427 (1953).

"[T]he FAA imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." *Cat Charter, LLC v. Shurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011). However, a district court may vacate an arbitration award if the panel did not provide a reasoned award rendering the exercise of the panel's powers so imperfectly executed "that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* Yet, the powers of the panel are derived from a mutual agreement between the parties choosing exactly how and over what to arbitrate. *Id.* At 843 ("The FAA requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.").

Thus, arbitrators exceed or imperfectly execute their powers only if they fail to comply with the mutually agreed upon terms. *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830 (11th Cir. 1991). Additionally, an arbitration panel may exceed their powers by failing to provide an award in the form required by an arbitration

5

agreement. *Cat Charter, LLC,* 646 F.3d 836 at 843.

Here, neither Plaintiff nor Defendant dispute that anything agreed upon in the arbitration agreement was violated. Defendant only contends that the Panel's Award lacked an explanation. This purportedly justifies relief under section 10(a)(4).

### B.     *Arbitrators' Duty to Explain Their Reasoning*

Generally, arbitrators need not explain their decision. So, in a typical arbitration where no specific form of award is requested, arbitrators may provide a "standard award" and simply announce a result. *See United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598 (1960) ("Arbitrators have no obligation to the court to give their reasons for an award."). Once an arbitration panel has clearly been presented the issue and made their finding, no rationale is needed. *O.R. Securities Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 748 (11th Cir. 1988) (finding that once the arbitration panel renders its decision, even absent rationale, the inquiry is over).

Specifically under the FINRA Code of Arbitration Procedure for Industry Disputes, no explanation of an award is required unless timely requested by the parties. FINRA Rule 13904(g)(1) provides that an arbitration panel need not provide an explained decision unless "all parties jointly request an explained decision." FINRA Rule 13904(g)(1). Here, the parties do not contend that any such request was made to the Arbitration Panel. Yet, in its Response and Supplemental

6

Motion to Vacate, Defendant argues that under FINRA Rules arbitrators may still provide a rationale explaining their decision absent a joint request, and provided examples of arbitration panels doing so. [D.E. 66, 67]. Nevertheless, we still find an absence of obligatory language in the FINRA Rules and the FAA that mandates arbitrators to provide an explanation of their award. Therefore, the Panel was not required to issue an explanation under these Rules.

Defendant relies on *Smart v. International Brotherhood of Electrical Workers,* 315 F.3d 721 (7th Cir. 2002), *Bell Aerospace Co. v. Local 516, International Union,* 500 F.2d 921 (2d Cir. 1974), and *Folkways Music Publishers, Inc. v. Weiss,* 1992 WL 230192 (S.D.N.Y. 1992), to support the premise that courts have applied 9 U.S.C. § 10(a)(4) to vacate an award where the award is incomplete. [D.E. 63]. However, here, the "incompleteness" Defendant refers to is markedly different from those cases.

In *Smart*, the panel found the plaintiff guilty of non-payment of fringe benefits as a member of a union, but did not specify the dollar amount owed. *Smart* 315 F.3d at 724. Still, the Seventh Circuit held that the award should be enforced and stated that the award was clearly final because the decision was exactly what the parties asked the arbitrators to do (decide if the plaintiff owed money, not how much money). *Id.* at 726.

Similarly, in *Bell Aerospace,* the Second Circuit concluded that the arbitration award was so ambiguous and contradictory that the parties were

7

unclear as to what the actual award was. 500 F.2d at 924. But here the Defendant has not called into question the ambiguity of the Award. The Award is clear. Instead, Defendant contends that without an accompanying rationale or explanation the award is per se incomplete. Yet that conclusion was simply not the basis for the decisions in the cases Defendant cites. And, we should add that Defendant's reliance on the *Folkways Music Publishers* case is curious and unpersuasive. The case actually stands for the opposite proposition than Defendant suggests. "The law does not require an arbitration panel to provide any analysis at all of the issues in reaching its decision." *Folkways Music Publishers,* 1992 WL at 230192.

Defendant also expresses concern about industry-wide ramifications and argues that, without rationale to accompany the Arbitration Panel's decision, there will be a lack of guidance for those similarly situated in Defendant's position. Yet we do not find Defendant's concern to be valid. Arbitration decisions are not precedent. Therefore, any reasoning the Panel may have given would not have to be followed by future arbitration panels presiding over a similar issue as the one present in this matter. Thus, the absence of an explanation of the Panel's Award has the same effect on the industry (i.e. negligible) as a long, thorough explanation.

While many would agree that it would be preferable for the Arbitration Panel to provide an explanation of their decision, the panel was under no obligation to do so. If the parties wanted to guarantee an explanation, they could have timely

8

requested that the Panel provide findings of fact and conclusions of law to accompany their decision. Or they could have agreed in their arbitration agreement that the panel issue findings of fact and conclusions of law together with any award. That was not negotiated here.

So what we are left to apply are well established principles of arbitration law that do not include any per se requirement that an arbitration panel provide a statement of reasons or other explanation together with the final award. Supreme Court and Eleventh Circuit precedent that we are bound to follow forecloses any per se requirement. And other caselaw interpreting section 10(a)(4), which is plentiful, also lacks any material authority supporting the proposition Defendant requires to succeed.

Indeed in a recent Eleventh Circuit case applying section 10(a)(4) in the breach of contract context, the panel decision reminded us of the extreme narrow scope of relief under that provision. *See Original Appalachian Artworks, Inc. v. JAKKS Pac., Inc.,* 2017 WL 5508498, at *6 (11th Cir. Nov. 17, 2017). In deciding whether an arbitrator exceeded her powers under the statute, two guiding principles apply. First, a court "must defer entirely to the arbitrator's interpretation of the underlying contract no matter how wrong we think that interpretation is." *Id.* at *6 ("If we determine that the arbitrator even arguably interpreted the parties' contract, we must end our inquiry and deny a motion for vacatur.") (citing *Wiregrass Metal Trades Council v. Shaw Envtl. & Infrastructure,*

9

*Inc.*, 837 F.3d 1083, 1087 (11th Cir. 2016)).

Second, it is also true that an arbitrator may not ignore the plain language of a contract and may not issue an award that contradicts the express language of the parties' agreement by modifying clear and unambiguous contract terms. *Id.* at *6. But in evaluating this second question, "[i]f it is not apparent from the arbitrator's stated reasoning whether he permissibly interpreted a contract or impermissibly modified it, and one can plausibly read the award either way, we must resolve the ambiguity by finding that the award is an interpretation of the contract and enforcing it." *Id.* This conclusion is particularly significant for our purposes because it recognizes that arbitration awards may not always be clear or detailed in the reasoning underlying the award. As the Eleventh Circuit points out, however, that does not mean that a section 10(a)(4) showing has been met. To the contrary, if the record can plausibly support a reading of a contract consistent with the ultimate award, then the presumption runs against a finding that section 10(a)(4) applies.

This case is certainly not dispositive of the issues here, of course, which involve tort and trade secret claims for the most part. But the underlying theory is the same. If an award is plausibly consistent with the evidence and claims presented to the arbitrators, a summary award that does not include a statement of reasons cannot be set aside if the ultimate award falls within the range of possible outcomes from the evidence presented.

Here, the panel granted the parties a great deal of time to present their positions. An extraordinary seventeen days of hearings, which included 19 total witnesses and 220 exhibits, led to an award that is entirely consistent with the nature of the claims and the type of evidence presented. We have no reason to doubt that the arbitrators applied the relevant legal principles to the mounds of evidence presented. The award itself is not surprising and has not been challenged on its own merits. Therefore, the general rule should follow that the absence of a detailed statement of reasons does not undermine the validity of the award.

### III.   CONCLUSION

In the present case, three highly qualified arbitrators heard 17 days worth of extensive evidence to arrive at an affirmative conclusion and issue an unambiguous award. We decline to recommend vacating or remanding an award for lack of unrequired explanation when the award was arrived at after an otherwise professionally conducted arbitration proceeding. "The parties received precisely what they bargained for—a speedy, fair resolution of a discrete controversy by an impartial panel of arbitrators skilled in the relevant areas of the law." *Charter, LLC,* 646 F.3d at 846. Therefore, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Confirm Arbitration Award [D.E. 60] be **GRANTED**, and that Defendant's Opposition Motion to Confirm Arbitration Award and Motion to Vacate the Award [D.E. 63] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 31st day of January, 2018.

>  */s/ Edwin G. Torres*
>  EDWIN G. TORRES
>  United States Magistrate Judge